UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOZEF TROJANOWSKI,** : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:08cv548 (WWE) |
| : | |
| **BLAKESLEE PRESTRESS, INC.,** : | |
|     Defendant. : | |

## MEMORANDUM OF DECISION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Jozef Trojanowski alleges that defendant Blakeslee Prestress, Inc. ("Blakeslee") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

Defendant has filed a motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

### BACKGROUND

The parties have submitted briefs and statements of fact with supporting exhibits and affidavits. These materials reveal the following factual background.

In 1998, Blakeslee hired plaintiff, then 51 years old, as a laborer.

Blakeslee provides customers in the construction industry with value-engineered solutions utilizing precast/prestressed concrete building structures. At its facility in Branford, Connecticut, Blakeslee maintains a computerized concrete batch plant as well as steel fabrication, engineering, carpentry and quality control departments.

In 2003 and 2004, Blakeslee experienced a significant downturn in business. Consequently, Blakeslee was forced to lay off employees. The majority of employees

1

who remained were either leadmen or other skilled workers such as welders, finishers and equipment operators.

Robert Fay, the supervisor in Department 1, selected the individuals for layoff based on performance criteria including ability to learn, attentiveness, dependability, attitude, quality of work, quantity of work, ability to follow directions and ability to read and understand blueprints. Fay retained plaintiff during the initial series of layoff in 2003 and 2004. However, because plaintiff's performance had been deemed to be weaker than some others in the department, Fay selected plaintiff for layoff on January 23, 2004.[1]

Between January 23, 2003 and January 23, 2004, Blakeslee laid off 194 employees for lack of work. Prior to January 23, 2004, Blakeslee laid off 112 of the 194 laborers, all of whom had been hired after January 23, 2003; the remaining 82 of the 194 laid off employees had been hired as of January 23, 2003 and were discharged on or before January 23, 2004.

Plaintiff was one of 21 individuals laid off in his department between January 23, 2003 and January 24, 2004. Of these 21 employees, 19 employees were younger than plaintiff and one was the same age as plaintiff.

Defendant has submitted, and plaintiff does not contest, an expert report showing that a little more than half of the 82 laborers laid off such as plaintiff were 40 or more years old. A comparison of the Blakeslee employees as of January 23, 2003 and January 24, 2004 indicates that the percentage of employees aged 40 and over

---

[1]Fay was 51 years old at the time of plaintiff's layoff.

increased following the reduction-in-force; and the percentage of employees aged 56 years old (plaintiff's age) remained the same.

In April 2004, Blakeslee experienced an upturn in orders and started to recall employees who had been laid off.  In determining the order of recall, Fay used the same criteria that he had used to select the individuals for layoff.  Plaintiff was recalled to work on July 30, 2004.  To date, plaintiff remains employed at Blakeslee.

Generally, the individuals who had been laid off last were recalled first because they had been determined to be better workers.  Between April 19, 2004 and July 30, 2004, Fay recalled 14 laborers in Department 1.  Of the 14 laborers recalled ahead of plaintiff, 12 had been laid off after plaintiff; one had been laid off on the same date as plaintiff; and one had been laid off 11 days earlier than plaintiff.  This latter laborer who was laid off 11 days before plaintiff was 46 years old and had worked at Blakeslee for 30 months longer than plaintiff.   More than half of the individuals recalled before plaintiff were more than 40 years old.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether

a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

### Disparate Treatment

Plaintiff alleges that defendant discriminated against him based on his age due to its decision lay him off and to recall other workers before him.  Defendant asserts that plaintiff cannot prove that its legitimate business reasons for the layoff and the order of recall are pretextual.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1).  To prevail on an ADEA disparate treatment claim, a plaintiff must prove "that age was the 'but-for' cause of the challenged adverse employment action."  Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2352 (2009).

In Gross, the Supreme Court noted that it "has not definitively decided" whether the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) is appropriate in the ADEA context. 129 S.Ct. at 2349 n. 2.  Since the Supreme

4

Court declined to resolve this issue, this Court will adhere to Second Circuit precedent applying the McDonnell Douglas framework to ADEA disparate treatment claims. See D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194-95 (2d Cir. 2007).

Thus, the Court will first consider whether plaintiff has set forth a prima facie case. It is well settled that to establish a prima facie claim of discrimination, the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, he must show that his termination was not made for legitimate reasons. Thomas v. St. Francis Hosp. and Med. Ctr., 990 F. Supp. 81, 86 (D. Conn. 1998). The burden of establishing this prima facie case in employment discrimination cases is minimal. McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001).

If plaintiff establishes a prima facie case, defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. Once defendant has articulated such a reason, the question in reviewing a motion for summary judgment is whether the evidence is sufficient to sustain a reasonable finding that the legitimate, non-discriminatory reasons proffered by defendant were false or pretextual for discrimination. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000).

For purposes of ruling on this motion for summary judgment, the Court assumes that plaintiff has established his prima facie case. Defendant has set forth that it had to implement a reduction-in-force due to lack of work, and that it selected the individuals

5

for lay off based on non-ageist criteria.  Defendant proffers further that it recalled workers according to the same criteria that it had used to select individuals for lay off. Generally, an ADEA claim arising from a reduction-in-force will not lie where the reorganization was a business decision made on a rational basis.  <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34, 37 (2d Cir. 1982).

Plaintiff asserts that defendant retained 6 laborers younger than 40 years old and 6 laborers who were substantially younger than him.  Plaintiff complains that defendant recalled 6 laborers under the age of 40 prior to his recall.   Plaintiff also maintains he should not have been laid off because he was skilled and capable to perform the work.  Finally, plaintiff submits that Fay and his leadmen made discriminatory remarks about plaintiff's age when plaintiff and his daughter inquired about his recall status.   Plaintiff also notes that the leadmen made complaints to Fay about his performance and that Fay took this into account when he selected plaintiff for lay off. [2]

However, plaintiff's evidence fails to raise an inference that he was discriminated against based on his age.  The fact that Blakeslee retained workers who were younger than plaintiff and recalled younger individuals prior to him does not demonstrate that age was the real reason for plaintiff's lay off or the order of the recall.  <u>Deebs v. Alstom Transp., Inc.</u>, 550 F. Supp. 2d 385, 391 (W.D.N.Y. 2008), <u>aff'd</u>, 2009 WL 3004088 (2d

---

[2] Plaintiff does not maintain that these comments concerned his age.  In his deposition, plaintiff describes non-age related criticisms of his work performance.  Fay's affidavit avers that Jerzy Kisiel and Walter Condon, Jr., criticized plaintiff's performance and that he took this information into account when he selected plaintiff for lay off. Without any indication that the criticisms focused on plaintiff's age, the Court finds that such comments do not raise an inference of age discrimination.

Cir. 2009) (finding no inference of pretext where employer retained younger employees to perform plaintiff's job duties after a reduction-in-force).  In fact, the record evidence shows that individuals in the protected class were not disproportionately selected by Fay for lay off and that more than half of the individuals recalled prior to plaintiff fell within the protected class.

Plaintiff's view of his ability to perform the work cannot raise an inference of discrimination without some evidence that defendant's real reason for his treatment was age discrimination since capable people are often terminated during a reduction-in-force.  Wado v. Xerox Corp., 991 F. Supp. 174, 198 (W.D.N.Y. 1998).

Finally, the asserted age-related comments by Fay and his Leadmen cannot defeat summary judgment.  Plaintiff claims that Fay told him that he was too old, moved too slow, and was an old man.  He claims that Fay told his daughter that he was doubtful about plaintiff's recall because he had younger and better people working for him.

Stray remarks by an employer do not prove discriminatory animus unless there is a causal connection to plaintiff's alleged adverse employment action. See Townsend v. Clairon Inc., 26 Fed. App'x 75, 78 (2d Cir. 2002); Danzer v. Norden Sys., Inc., 151 F.3d 50, 56 (2d Cir. 1998) (remarks were not "stray" where "other indicia of discrimination" tied them to the adverse employment action).  In this instance, the undisputed evidence demonstrates that the alleged remarks had no causal connection to the timing of plaintiff's recall.   The laborers were recalled according to the same non-age related criteria used for their lay off, and therefore, excepting one individual, the laborers laid off later returned to work the earliest.  The one laborer who was recalled before plaintiff

but had been laid off 11 days earlier than plaintiff was 46 years old, and he had worked for Blakeslee 30 months longer than plaintiff.  Finally, the fact that plaintiff continues to work at Blakeslee dispels any inference that the order of his recall was motivated by an age discriminatory animus.   Summary judgment will be granted in defendant's favor.

## **CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment [doc. #23] is GRANTED.  The clerk is instructed to close this case.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this \_14th\_\_\_th day of October, 2009 at Bridgeport, Connecticut.